IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LEON HALEY, Sr., | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT | : | |
| MICHAEL BARONE, et al., | : | NO. 08-4844 |
| Respondents | : | |

### ORDER

AND NOW, this 14th day of July, 2009, the Report and Recommendation of Magistrate Judge David R. Strawbridge is APPROVED and ADOPTED. Michael Haley's petition for habeas corpus is DENIED without prejudice.[1] No grounds exists to issue a certificate of appealability. The clerk is directed to place the above-captioned case in SUSPENSE.

BY THE COURT:

\s\ Juan R. Sánchez
Juan R. Sánchez              J.

---

[1] Mr. Haley has not exhausted the remedies available to him at the state court level as required by 28 U.S.C. § 2254(c) which states: "an applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." To seek federal habeas corpus relief a "state prisoner must normally exhaust available state judicial remedies." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Any claims a petitioner wishes to present in federal court must first have been presented in the state courts. *Id.* at 276. This exhaustion requirement is a matter of comity between state and federal court rather than a jurisdictional requirement. *Story v. Kindt*, 26 F.3d 402, 405 (3rd Cir. 1994). While courts have found that "inordinate delay" at the state level constitutes an appropriate exception to the exhaustion requirement, the shortest period of time characterized as an "inordinate delay" for this purpose was 33 months. *Wojtczak v. Fulcomer*, 800 F.2d 353, 356 (3rd Cir. 1986). Since it has been 25 months since he filed his PCRA, Mr. Haley is well below this threshold but also fails to reach the 27 month period ruled to be too short to qualify as "inordinate delay." *Cristin v. Brennan*, 281 F.3d 404, 411 (3rd Cir. 2002). Therefore, Mr. Haley does not qualify for an exception to the exhaustion requirement at this time.